IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PENNY MCKEITHEN, | * | |
| | * | |
| | * | |
| Plaintiff, | * | CASE NO.: 1:22-CV-00215 |
| | * | Removed from the Circuit Court of |
| | | Mobile County, Alabama |
| vs. | * | CASE NO. 02-CV-2022-900808 |
| | * | |
| | * | |
| WAL-MART STORES EAST, LP | * | |
| WALMART INC. | * | |
| FICTITOUS PARTIES "A" TO "U" | * | |
| | * | |
| Defendants. | * | |

NOTICE OF REMOVAL

TO: THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISON

Defendant WAL-MART STORES EAST, LP, also incorrectly named in the Complaint as "Walmart, Inc., (hereinafter "Walmart"), gives notice pursuant to 28 U.S.C. § 1441 and 1446 that this cause is hereby removed from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division. As grounds for this removal, Defendants respectfully show unto the Court as follows:

I.   RELEVANT PROCEDURAL FACTS

1. An action was commenced against the Walmart in the Circuit Court of Baldwin County, Alabama, entitled *Penny McKeithen, Plaintiff v. Wal-Mart Stores East, LP, Walmart Inc., and Fictitious Parties A – V, Defendants,* Civil Action No. 02-CV-2022-900808. Attached as Exhibit "A" is the state court file in this action.

2. According to the Circuit Clerk's office for the Circuit Court of Mobile County, Alabama, service of the initial pleading setting forth Plaintiff's claim for relief was affected upon Walmart on May 23, 2022, which was Walmart's first actual notice of this action.

3. This notice of removal is filed in the United States District Court for the Southern District of Alabama, Southern Division, within thirty (30) days after the receipt by Walmart of the initial filed pleading setting forth the claim for relief upon which such action or proceeding is based in accordance with 28 U.S.C. § 1446 (b).  The Circuit Court of Mobile County, Alabama, is within this Court's district and division; therefore, this action is properly removable to this Court under 28 U.S.C. §§ 1441 (a) and (b).

4. This Court has diversity jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 since the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Upon information and belief, Plaintiff is now and at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a citizen of the State of Mississippi and resides in George County, Mississippi.

6.  Walmart is a citizen of Delaware and Arkansas. *See* 28 U.S.C.A. § 1332(c)(1). Defendant Walmart is organized under the laws of Delaware and maintains its principal place of business in Arkansas. More specifically, Wal-Mart Stores East, L.P., is a limited partnership whose sole limited partner is WSE Investment, LLC, and whose sole general partner is WSE Management, LLC. Wal-Mart Stores East, L.P., is organized under the laws of the State of Delaware and maintains its principal place of business in Bentonville, Arkansas.  WSE Investment, LLC, is a wholly owned subsidiary of Wal-Mart Stores East, LLC, is organized under the laws of the State of Delaware, and maintains its principal place of business in

Bentonville, Arkansas. WSE Management, LLC, is likewise a wholly owned subsidiary of Wal-Mart Stores East, LLC, is organized under the laws of the State of Delaware, and maintains its principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, LLC, is a wholly owned subsidiary of Wal-Mart Stores, Inc., is organized under the laws of the State of Arkansas, and maintains its principal place of business in Bentonville, Arkansas.

## II.   AMOUNT IN CONTROVERSY

7.   Plaintiff's Complaint asserts premises liability claims for negligence and wantonness and negligent and wanton supervision and training against Walmart. She seeks damages for bodily injuries as a result of an alleged slip and fall at the Rangeline Road, Alabama Walmart store from an alleged dangerous condition on the premises. (Exhibit A, ¶¶4-6.) She claims an unspecified amount of damages, alleging that she ". . . sustained an injury, amongst other things, to her back and right knee . . . [and] was knocked, shocked, bruised, contused and injured over her entire body." She further alleged the following

> [she is] unable to perform some of her normal activities, she has undergone and will continue to undergo significant medical treatment for her condition; she has incurred and will continue to incur expenses related to her injury; she has suffered and will continue to suffer in the future from severe pain and mental anguish; she has otherwise been permanently injured and damaged; and she was caused to suffer both past and future lost wages, loss of income, loss of earning capacity, and lost employment benefits.

(Ex. A, ¶11.)

8.   "[I]n the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208-09 (11th Cir. 2007) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir.1996) (adopting the "preponderance of the evidence" standard after examining the various burdens of proof in different factual

contexts)). A removing defendant may offer "a wide range of evidence," including affidavits, depositions, or other "summary judgment-type evidence" to establish the amount in controversy." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754-56 (11th Cir. 2010). The time to ascertain whether the requisite jurisdictional amount exists is the time the Notice of Removal is filed. *See Id.* at 751. "In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citing *Pretka*, 608 F.3d 744).

9. Plaintiff Counsel sent a letter dated October 13, 2021, to Walmart's Claims Services, seeking an unspecified settlement amount. (Oct. 13, 2021, Corresp., attached as Exhibit "B".) In that letter, Plaintiff Counsel explained that Plaintiff was transported from Walmart by ambulance to the hospital where she was diagnosed with a displaced comminuted fracture of her right patella. (Ex. B.) She later underwent an open reduction internal fixation surgery followed by use of a knee immobilizer and physical therapy for weeks. (Id.) Plaintiff Counsel then set out Plaintiff's permanent impairment, future medical expenses, wage loss and non-economic damages as follows:

   Future Medical Expenses……………$27,800.00

   Lost Wages…………………………..$652.00

   Non-Economic Damages…………….$73,565.75

10. On March 4, 2022, Plaintiff Counsel followed up by email correspondence to Walmart's Claims Services, indicating that "[t]his case is worth no less than $150,000.000 . . .." (March 4, 2022, Email Corresp., attached as Exhibit "C".) Plaintiff Counsel again described Plaintiff's injuries as "a dislocated fracture of her patella" and reiterated that she "had to undergo

an ORIF of her right patella only 3 days following her slip and fall in [Walmart]." [1] (Ex. C.) He continued by explaining how Plaintiff has a "permanent scar," and suffered "months of pain . . . while healing . . .." (Id.)

11.     According to Plaintiff Counsel's own assessment of this case, Plaintiff's damages exceed the required amount in controversy in this matter. "The Eleventh Circuit has . . . given preference to a plaintiff's own assessment of the value of its case." *Salsberry v. RT W. Palm Beach Franchise, Ltd*, No. 14-80922-CIV, 2014 WL 12479403, at *2 (S.D. Fla. Oct. 14, 2014) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir 1994).)

12.     Plaintiff Counsel's letter and email correspondence constitute the first "other paper" received by Defendant Walmart from which it was unambiguously ascertainable that this matter is removable in accordance with 28 U.S.C. § 1446(b). *See Lowery*, 483 F.3d at 1213 n. 63 (citing *Bosky v. Kroger Texas, LP,* 288 F.3d 208, 211 (5th Cir. 2002), and *Huffman v. Saul Holdings, LP*, 194 F.3d 1072, 1078 (10th Cir. 1999)) ("the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction."). "[S]ettlement offers that provide 'specific information … to support [the plaintiff's] claim for damages' suggest the plaintiff is 'offering a reasonable assessment of the value of [his] claim' and are entitled to more weight." *Jackson v. Select Portfolio Serv., Inc.,* 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (quoting *Golden Apple Management Co. v. Geac Computers, Inc.*, 990 F. Supp. 1368 (M.D. Ala. 1998)).  As Plaintiff Counsel has indicated in his correspondence that Plaintiff's claimed damages are substantially more than $75,000.00, the amount in controversy requirement for removal is, therefore, satisfied.

---

[1] Plaintiff's Counsel provided medical records and medical expense billing documents. These documents, however, contain private and confidential medical information, and therefore, have not been attached hereto as an Exhibit. Defendant will provide these documents to the Court for its inspection in-camera or file them under seal, if the Court desires to review these documents.

### IV. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

13. This action may be removed to this Court by Walmart pursuant to 28 U.S.C. § 1441, because this action is a civil action of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332.

14. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Mobile County, Alabama, and a written notice of this removal has been served on all adverse parties as required by law.

15. If any questions arise as to the propriety of the removal of this action, the removing Defendant requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

WHEREFORE, Defendant WAL-MART STORES EAST, LP, desiring to remove this cause to the United States District Court for the Southern District of Alabama, Southern Division, being the district and division of said Court for the County in which said action is pending, prays that this Court will make any and all orders necessary to effect the removal of this cause from the Circuit Court of Mobile County, Alabama, and to effect and prepare in this Court the true record of all proceedings that may have been had in the Circuit Court of Mobile County, Alabama.

Respectfully submitted this 3rd day of June, 2022

/s/ Chad C. Marchand
W. PEMBLE DELASHMET         (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND            (MAR136)
ccm@delmar-law.com
KEITH B. FRANKLIN           (FRA032)
kbf@delmart-law.com
*Attorneys for Defendant Wal-Mart Stores East, LP.*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-7994

CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the foregoing document by electronically filing same with the E-File court system upon undersigned counsel on this the 3rd day of June, 2022.

N. Trey Canida
Morgan & Morgan, PLLC
63 South Royal St., Ste 710
Mobile, AL   36602

                                              */s/ Chad C. Marchand*
                                              OF COUNSEL