ELECTRONICALLY FILED
5/18/2022 2:42 PM
02-CV-2022-900808.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>02-CV-2022-900808.00 |
|---|---|---|

Date of Filing:    Judge Code:
05/18/2022

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### PENNY MCKEITHEN v. WAL-MART STORES EAST, LP ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO

Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
CAN022

5/18/2022 2:42:59 PM
Date

/s/ NICOLAS TREY CANIDA
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES  ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES  ☑ NO

DEFENDANT'S EXHIBIT
A

ELECTRONICALLY FILED
5/18/2022 2:42 PM
02-CV-2022-900808.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

PENNY MCKEITHEN,

      Plaintiff,

v.                               CIVIL ACTION NO.:

WAL-MART STORES EAST, LP, a foreign limited partnership doing business in Alabama; WALMART INC., a foreign corporation doing business in Alabama;

There may be other entities whose true names, identities and proper party Defendants are unknown to the Plaintiff at this time who may be legally responsible for the claim(s) set forth herein and who may be added by amendment by the Plaintiff when their names, identities and proper party status are accurately ascertained by further discovery.  Until that time, the Plaintiff will designate these parties in accordance with ARCP 9(h).  The word "entity" as used herein is intended to refer and include any and all legal entities including persons, any and all forms of partnership, any and all types of corporation and unincorporated associations and any and all limited liability companies.  The symbol by which these party(ies) defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterizations of the symbol applies to more than one entity.  In the present action, the party Defendants which the Plaintiff must include by descriptive characterization are as follows:

DEFENDANT "A", the legal entity responsible for the hazardous condition located at Walmart Supercenter #0866 located at or near 5245 Rangeline Rd. South, Mobile, Alabama;

DEFENDANT "B", the legal entity who or which failed to warn the Plaintiff of the unreasonably dangerous or defective condition of the premises on the occasion described herein;

DEFENDANT "C", the legal entity who or which failed to train the individual(s) responsible for warning the public of the unreasonably dangerous or defective condition of the premises on the occasion described herein;

DEFENDANT "D", the legal entity responsible for creating the unreasonably dangerous or defective condition of the premises on the occasion described herein;

DEFENDANT "E", the legal entity who or which owned, maintained or had any interest in the premises involved in the occurrence made the basis of this lawsuit;

DEFENDANT "F", the legal entity who or which was the lessor of the premises involved in the occurrence made the basis of this lawsuit;

DEFENDANT "G", the legal entity who or which was the lessee of the premises involved in the occurrence made the basis of this lawsuit;

DEFENDANT "H", the legal entity who or which controlled and/or had the right to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence;

DEFENDANT "I", the legal entity who or which controlled or had the right to control the access, ingress, egress, or entrance to the premises involved in the occurrence made the

basis of this lawsuit at the time of said occurrence;

DEFENDANT "J", the legal entity who or which conducted safety inspections or analysis at or with referenced to the site of the occurrence made the basis of this lawsuit prior to the date of said occurrence;

DEFENDANT "K", the legal entity including, but not limited to the general liability insurance carrier of the entity which owned, occupied or maintained the premises involved in the occurrence made the basis of this lawsuit, which conducted any safety inspection or analysis of or with regard to the premises involved in the occurrence made the basis of this lawsuit at any time prior to said occurrence;

DEFENDANT "L", the legal entity who or which provided any insurance coverage, of whatever kind or character, for any of the named defendants or fictitious party defendants listed or named herein;

DEFENDANT "M", the legal entity whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit;

DEFENDANT "N", the legal entity who or which is the successor in interest of any of those entities described above;

DEFENDANT "O", the legal entity who or which provided any cleaning service and/or maintenance of the premises involved in the claim made the basis of this lawsuit;

DEFENDANT "P", the legal entity who or which planned, designed or constructed the facility involved in the occurrence made the basis of this lawsuit;

DEFENDANT "Q", the legal entity who or which was the architect, engineer, contractor or subcontractor involved in the planning, design or construction of the floor involved in the occurrence made the basis of this lawsuit;

DEFENDANT "R", the legal entity who or which supervised or trained the person(s) responsible for the premises involved in the occurrence made the basis of this lawsuit;

DEFENDANTS, "S", "T", "U", AND "V", those other legal entities whose combined and concurrent negligence, wantonness or other wrongful conduct contributed to cause the Plaintiff's injuries involved in the incident made the basis of this suit. All of the above fictitious party Defendants' true and correct names are otherwise unknown at this time but will be supplied by amendment and substitution when ascertained,

     Defendants.

---

## PLAINTIFF'S COMPLAINT

---

### STATEMENT OF THE PARTIES

1.     Plaintiff, PENNY MCKEITHEN, is over the age of nineteen years and a resident citizen of Lucedale, George County, Mississippi.

2.     Defendant, WAL-MART STORES EAST, LP, is a foreign limited partnership who actively conducts business in the State of Alabama and specifically in this case, upon

information and belief, in Mobile County, Alabama.

3.      Defendant, WALMART INC., is a foreign corporation who actively conducts business in the State of Alabama and specifically in this case, upon information and belief, in Mobile County, Alabama.

## STATEMENT OF THE FACTS

4.      On or about the 28th day of March, 2021, Plaintiff, PENNY MCKEITHEN, was walking to the girls' clothing department at Walmart Supercenter, #0866.  While doing so, the Plaintiff, PENNY MCKEITHEN, slipped and fell on a slice of tomato, near the fitting room by the women's lingerie and/or undergarments section, which was left unattended.  The area was a high traffic area near the fitting room which is staffed by a Wal-Mart employee. The area was not properly cleaned in a timely manner, and no one warned the Plaintiff that the area contained a dangerous or hazardous condition.

5.      At said time and place, the Defendants, those named and named as fictitious party defendants in the caption of the Complaint, failed to properly maintain, clean, and/or mark the hazardous area at the Walmart Supercenter located at 5245 Rangeline Rd. South, Mobile, Alabama, thus creating a hazardous condition.

6.      Defendants, those named and named as fictitious party defendants in the caption of the Complaint, failed to properly maintain, clean, and/or mark the hazardous area at the Walmart Supercenter located at 5245 Rangeline Rd. South, Mobile, Alabama, in order to protect the public from injury.

7.      Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, created a deceptive, defective and unreasonably dangerous condition by failing to properly maintain, clean, and/or mark the hazardous area at the Walmart Supercenter located

3

at 5245 Rangeline Rd. South, Mobile, Alabama.

8.      While walking toward the girls' clothing department inside the Walmart Supercenter, the Plaintiff, PENNY MCKEITHEN, slipped and fell on the defective and unreasonably dangerous condition.  No warning was present that said the defective and unreasonably dangerous condition existed, and no safety devices were used to warn and protect the public from injury as a result of said condition. No one cleaned the area in a timely manner to remove the dangerous condition.  As a result, the Plaintiff, PENNY MCKEITHEN, was injured and damaged.

9.      As a direct and proximate consequence of the deceptive, defective and unreasonably dangerous condition of the floor, the Plaintiff, PENNY MCKEITHEN, sustained an injury, amongst other things, to her back and right knee. Furthermore, Plaintiff, PENNY MCKEITHEN, was knocked, shocked, bruised, contused and injured over her entire body.

10.     Plaintiff, PENNY MCKEITHEN, underwent, and continues to undergo, significant medical treatment, including knee surgery, for the injuries she received in the occurrence made the basis of this lawsuit.

11.     Plaintiff, PENNY MCKEITHEN, is unable to perform some of her normal activities; she has undergone and will continue to undergo significant medical treatment for her condition; she has incurred and will continue to incur expenses related to her injury; she has suffered and will continue to suffer in the future from severe pain and mental anguish; she has otherwise been permanently injured and damaged; and she was caused to suffer both past and future lost wages, loss of income, loss of earning capacity, and lost employment benefits.

<u>COUNT I</u>
<u>NEGLIGENCE</u>

12.     Plaintiff, PENNY MCKEITHEN, re-alleges all prior paragraphs of this Complaint

as if fully set forth herein.

13.    Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, negligently caused or allowed said area of the floor where Plaintiff was walking to be in such a deceptive, defective and unreasonably dangerous condition that Plaintiff was caused to slip and fall.

14.    Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, knew, should have known or could have known of the unsafe condition and negligently failed to warn the Plaintiff, PENNY MCKEITHEN, of the condition.

15.    Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, negligently failed to instruct and train its employees with respect to the maintenance and safety of the premises.

16.    Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, negligently failed to inspect said premises in a timely manner.

17.    Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, negligently failed to train, manage and/or adequately supervise the employees about the slippery/wet area of the floor which caused Plaintiff, PENNY MCKEITHEN's injuries on March 28, 2021.

18.    Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, negligently failed to adequately warn of the hazards associated with the use of the premises on which the Plaintiff was injured.

19.    Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, negligently failed to properly warn Plaintiff of the deceptive, defective, and unreasonably dangerous condition which they created.

20.     Defendants, those named and named as fictitious party defendants in the caption of this Complaint, negligently failed to adequately provide literature, instructions and training aids relating to the hazards associated with the failure to properly warn customers of the hazardous conditions in order to protect the public from injury.

21.     Defendants, those named and named as fictitious party defendants in the caption of this Complaint, negligently failed to prescribe, adopt, or promulgate rules or policies regarding the maintenance of slippery/wet floors, or if said Defendants did prescribe, adopt, or promulgate said rules or policies, Defendants negligently failed to abide by said rules or policies.

22.     Defendants, those named and named as fictitious party defendants in the caption of this Complaint, knew or should have known that the failure to maintain the slippery/wet floor rendered the premises defective and unreasonably dangerous and that it failed to either warn the Plaintiff of the defective and unreasonably dangerous condition or to make the premises safe. Defendants, those named and named as fictitious party defendants in the caption of this Complaint, maintained its premises in a negligent manner.

23.     As a proximate consequence of Defendants', those named and named as fictitious parties in the caption of this Complaint, negligence, Plaintiff, PENNY MCKEITHEN, was injured and damaged as alleged in paragraphs 9-11, above.

WHEREFORE, Plaintiff, PENNY MCKEITHEN, demands judgment against Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, in an amount to be determined by a struck jury, interest and the costs of this action.

## COUNT II
## WANTONNESS

24.     Plaintiff, PENNY MCKEITHEN, re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

25.     Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, wantonly caused or allowed said area where Plaintiff was walking to be in such a defective and unreasonably dangerous condition that Plaintiff was caused to slip and fall.

26.     Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, knew, should have known or could have known of the unsafe condition and wantonly failed to warn the Plaintiff, PENNY MCKEITHEN, of the condition.

27.     Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, wantonly failed to instruct and train its employees with respect to the maintenance and safety of the premises.

28.     Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, wantonly failed to inspect said premises in a timely manner.

29.     Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, wantonly failed to train, manage and/or adequately supervise the maintenance of the slippery/wet floor which caused Plaintiff, PENNY  MCKEITHEN's injuries on March 28, 2021.

30.     Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, wantonly failed to adequately warn of the hazards associated with the use of the premises on which the Plaintiff was injured.

31.     Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, wantonly failed to properly safeguard the slippery/wet floor and the defective and unreasonably dangerous condition which they created.

32.     Defendants, those named and named as fictitious party defendants in the caption of this Complaint, wantonly failed to adequately provide literature, instructions and training aids

relating to the hazards associated with the failure to properly maintain the slippery/wet floor in order to protect the public from injury.

33. Defendants, those named and named as fictitious party defendants in the caption of this Complaint, wantonly failed to prescribe, adopt, or promulgate rules or policies regarding the maintenance of its premises, or if said Defendants did prescribe, adopt, or promulgate said rules or policies, Defendants wantonly failed to abide by said rules or policies.

34. Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, knew or should have known that the lack of maintenance of the slippery/wet floor rendered the premises defective and unreasonably dangerous and that it failed to either warn the Plaintiff of the defective and unreasonably dangerous condition or to make the premises safe. Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, maintained its premises in a wanton manner.

35. As a proximate consequence of Defendants', those named and named as fictitious parties in the caption of this Complaint, wantonness, Plaintiff, PENNY MCKEITHEN, was injured and damaged as alleged in paragraphs 9-11, above.

WHEREFORE, Plaintiff, PENNY MCKEITHEN, demands judgment against Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, for compensatory and punitive damages to be determined by a struck jury, interest and the costs of this action.

## COUNT III

Plaintiff re-alleges all prior paragraphs of this Complaint as if fully set forth herein. The negligence, wantonness, recklessness, and negligent, reckless, and wanton supervision and training, or other wrongful conduct of the Defendants, those named and named as fictitious party Defendants in the caption of this Complaint, combined and concurred to proximately cause the

8

Plaintiff's injuries.

WHEREFORE, Plaintiff, PENNY MCKEITHEN, demands judgment against Defendants, those named and named as fictitious party Defendants in the caption of the Complaint, for compensatory and punitive damages to be determined by a struck jury, interest and the costs of this action.

### \*\*\* PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY\*\*\*

Respectfully submitted,

*/s/ Trey Canida*
N. Trey Canida (CAN022)
Attorney for Plaintiff

**OF COUNSEL:**

Morgan & Morgan Alabama, PLLC
63 S. Royal Street, Suite 710
Mobile, AL 36602
Phone: (251) 800-6049
Facsimile: (251) 800-6065
Email: tcanida@forthepeople.com

**PLEASE SERVE BY CERTIFIED MAIL:**

Wal-Mart Stores East, LP
c/o CT Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

Walmart Inc.
c/o CT Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

ELECTRONICALLY FILED
3/18/2022 2:42 PM
02-CV-2022-900808.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

PENNY MCKEITHEN,

     Plaintiff,

v.                                  CIVIL ACTION NO.:

WAL-MART STORES EAST, LP, a foreign limited partnership doing business in Alabama; WAL-MART Inc., a foreign corporation doing business in Alabama;

There may be other entities whose true names, identities and proper party Defendants are unknown to the Plaintiff at this time who may be legally responsible for the claim(s) set forth herein and who may be added by amendment by the Plaintiff when their names, identities and proper party status are accurately ascertained by further discovery. Until that time, the Plaintiff will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer and include any and all legal entities including persons, any and all forms of partnership, any and all types of corporation and unincorporated associations and any and all limited liability companies. The symbol by which these party(ies) defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterizations of the symbol applies to more than one entity. In the present action, the party Defendants which the Plaintiff must include by descriptive characterization are as follows:

DEFENDANT "A", the legal entity responsible for the hazardous condition located at Walmart Supercenter #0866 located at or near 5245 Rangeline Rd. South, Mobile, Alabama;

DEFENDANT "B", the legal entity who or which failed to warn the Plaintiff of the unreasonably dangerous or defective condition of the premises on the occasion described herein;

DEFENDANT "C", the legal entity who or which failed to train the individual(s) responsible for warning the public of the unreasonably dangerous or defective condition of the premises on the occasion described herein;

DEFENDANT "D", the legal entity responsible for creating the unreasonably dangerous or defective condition of the premises on the occasion described herein;

DEFENDANT "E", the legal entity who or which owned, maintained or had any interest in the premises involved in the occurrence made the basis of this lawsuit;

DEFENDANT "F", the legal entity who or which was the lessor of the premises involved in the occurrence made the basis of this lawsuit;

DEFENDANT "G", the legal entity who or which was the lessee of the premises involved in the occurrence made the basis of this lawsuit;

DEFENDANT "H", the legal entity who or which controlled and/or had the right to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence;

DEFENDANT "I", the legal entity who or which controlled or had the right to control the access, ingress, egress, or entrance to the premises involved in the occurrence made the

basis of this lawsuit at the time of said occurrence;

DEFENDANT "J", the legal entity who or which conducted safety inspections or analysis at or with referenced to the site of the occurrence made the basis of this lawsuit prior to the date of said occurrence;

DEFENDANT "K", the legal entity including, but not limited to the general liability insurance carrier of the entity which owned, occupied or maintained the premises involved in the occurrence made the basis of this lawsuit, which conducted any safety inspection or analysis of or with regard to the premises involved in the occurrence made the basis of this lawsuit at any time prior to said occurrence;

DEFENDANT "L", the legal entity who or which provided any insurance coverage, of whatever kind or character, for any of the named defendants or fictitious party defendants listed or named herein;

DEFENDANT "M", the legal entity whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit;

DEFENDANT "N", the legal entity who or which is the successor in interest of any of those entities described above;

DEFENDANT "O", the legal entity who or which provided any cleaning service and/or maintenance of the premises involved in the claim made the basis of this lawsuit;

DEFENDANT "P", the legal entity who or which planned, designed or constructed the facility involved in the occurrence made the basis of this lawsuit;

DEFENDANT "Q", the legal entity who or which was the architect, engineer, contractor or subcontractor involved in the planning, design or construction of the floor involved in the occurrence made the basis of this lawsuit;

DEFENDANT "R", the legal entity who or which supervised or trained the person(s) responsible for the premises involved in the occurrence made the basis of this lawsuit;

DEFENDANTS, "S", "T", "U", AND "V", those other legal entities whose combined and concurrent negligence, wantonness or other wrongful conduct contributed to cause the Plaintiff's injuries involved in the incident made the basis of this suit. All of the above fictitious party Defendants' true and correct names are otherwise unknown at this time but will be supplied by amendment and substitution when ascertained,

        Defendants.

---

## PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUTION TO DEFENDANT, WAL-MART STORES EAST, LP

---

COMES NOW the Plaintiff, PENNY MCKEITHEN, pursuant to the *Alabama Rules of Civil Procedure*, and propounds to the Defendant, WAL-MART STORES EAST, LP, a foreign corporation doing business in Alabama, the following interrogatories and request for production to be answered and responded to pursuant to the *Alabama Rules of Civil Procedure*.

You are reminded that under the provisions of Rule 26(e), you are under a duty to supplement your responses with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters, and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which the expert witness is expected to testify, and the substance of the witness's testimony.

Furthermore, you are under a duty to amend a prior response if you obtain information upon the basis of which: (a) you know that the response was incorrect when made, or (b) you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend this response is, in substance, a knowing concealment.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these interrogatories:

A. The terms "You" and "Your" refers to the Defendant, WAL-MART STORES EAST, LP, and Fictitious Defendants, A through V, et al., and to its present or former agents, attorneys, representatives and other persons who have acted or purported to act on Defendant's behalf pursuant to contract or otherwise in any of the matters covered by these interrogatories, whether or not it is contended that such entity or person had authority to act on behalf thereof.

B. The terms "subject business or subject corporation" means Defendant's business or corporation located at 5245 Rangeline Rd. South in Mobile, Alabama.

C. The term "incident" means the March 28, 2021, incident which occurred when Plaintiff, PENNY MCKEITHEN, was in the fitting room area located at the WALMART SUPERCENTER, STORE #0866, turned around an aisle and slipped and fell on a foreign object and/or substance, on the floor, that was left unattended and unmarked, thereby causing her to fall and injure her back, left wrist, and right ankle, in Mobile, Alabama that is the basis of Plaintiff's Complaint.

D. "Communication" means any oral or written exchange of words, thoughts or ideas with another person(s), whether person-to-person, in a group, in a meeting, by telephone, letter, telefax, electronic mail, or otherwise, and including without limitation any printed, typed, handwritten or other readable document and any

tape recording, correspondence, memorandum, report, contract, diary, log book, minutes, notes, study, survey and/or forecast.

E. The "Document" or "Documents" shall have their customary broad meanings and shall include, without limitation, all originals, copies and drafts of all written, typewritten, recorded, transcribed, printed, taped, photographic or graphic material, however produced or reproduced, whether sent or received, or neither, including but not limited to, all books, pamphlets, articles, newspapers, press releases, magazines, booklets, circulars, handbooks, manuals, periodicals, letters, memoranda, files, envelopes, notices, instructions, reports, financial reports, records, studies, transcripts, diaries (formal or informal), audited and un-audited financial statements, working papers, questionnaires, notes, notations, charts, lists, comparisons, telegrams, cables, telex messages, communications (including intra-corporate communications, and reports, notes, notations and memoranda of, or relating to, telephone conversations and conferences), minutes, transcriptions, correspondence, agreements, graphs, tabulations, analyses, evaluations, tests, projections, opinions or reports, statements, summaries, desk calendars, appointment books, telephone logs, telephone bills, surveys, indices, tapes, computer inputs or outputs, computer memory, computer disks, electronic mail, microfilm, magnetic tapes, photographs, installation guides and instruction material within your possession, custody or control. This description includes different versions of the same documents, including but not limited to, drafts or documents with handwritten notations or marks not found   in the original or other copies or different documents.

F. "Person" means any natural person, as well as, any firm, partnership, proprietorship, association, institution, joint venture, corporation, government entity, administrative agency, professional association and any other organization.

G. "Identify," when used in reference to a natural person, means to provide that person's name, last known home and business addresses, last known home and business telephone numbers, present employer and job title.

H. "Identify," when used in reference to a person that is a corporation, partnership, proprietorship, association, business, or other such group, means to provide the person's full name, address, telephone number, form of organization and a description of its business activities.

I. "Identify," when used in reference to a document, means to provide a brief description of the document including its date, author, addressee, number of recipients, forum (that is, letter, invoice, blueprint, etc.), subject matter, length, and the present custody of each copy of the document having notations unique to such copy.

J. "Identify," when used in reference to an oral communication, means to state the date of the communication and the place or places where the communication

occurred, and to identify each person who took part or heard the communication, to provide a description of the subject matter of the communication, and to identify each document that refers or relates to or evidences the communication.

K. "Date" refers to the exact day, month, and year, if known, or, if not known, best approximation, including, as appropriate to the situation, relationship to the offense.

L. "Plaintiff" shall refer to PENNY MCKEITHEN, and any present or former agents, attorneys, representatives and all other persons who have acted or purported to act on his behalf pursuant to contract, or otherwise, with regard to any of the materials covered by these interrogatories, whether or not it is contended that such entity or person had authority to act on behalf thereof.

M. "Subject facility" or "Subject area" shall refer to the part of the premises where the "incident" occurred.

N. PRIVILEGE LOG: For each and every requested document that a claim of privilege is made: (i) identify the document by date, author, addressor and addressee; (ii) identify the person who presently has custody, control or possession of the original and all copies thereof; (iii) state specifically each and every ground on which the claim of privilege is based; (iv) identify each person (by name, address, employer, job description or position at present) who received, or had access in the ordinary course of business to, the original and/or any copy of the document from the time the document was originated until the present.

## PLACE, TIME, AND MANNER OF RESPONSE

Responses to these Interrogatories are due within forty-five (45) days after service of these Interrogatories, and shall be made at the offices of Morgan & Morgan Alabama, PLLC, 63 S. Royal Street, Mobile, AL 36602, or at such other place as the parties may agree.

## INTERROGATORIES

1.     State the full name, address, occupation and employer of any and all persons who answer these Interrogatories or who have provided information used in compiling the answers to these Interrogatories.

ANSWER:

2.      Did Defendant prepare an incident report in response to subject accident?  If so, identify the persons involved in completing the report, their titles and current addresses.  State the name of the current custodian of the report.

ANSWER:

3.      Please provide the name, address and title of employee or agent of Defendant whose job duties involved inspecting and/or maintaining the floor/hazardous area at/near the fitting room area in WALMART SUPERCENTER, STORE #0866 for the twenty-four (24) hour period preceding the subject accident.

ANSWER:

4.      Please provide the name, address, title and employer of any person who investigated the subject accident for or on behalf of Defendant, and for each person, describe the nature of the investigation (*e.g.*, photographs, obtained statements, took measurements, interviewed witnesses, etc.).

ANSWER:

5.      Please provide the name, address, title and employer of any person known who has knowledge pertaining to the subject accident and describe the knowledge each person possesses.

ANSWER:

6.      Based on your knowledge at this time, describe in detail how the subject accident happened, including all actions taken by the Defendant to prevent the incident.

ANSWER:

7.     Please provide the dates any employee or agent of Defendant inspected the area where the subject accident occured for the three (3) months prior to the subject accident and the three (3) months after the subject accident.  State the name, address and job title of the person who made each inspection.

ANSWER:

8.     Please describe all other substantially similar incidents involving invitee, guest or employee slip and falls in WALMART SUPERCENTER, STORE #0866 in the three (3) years prior to the date of subject accident.  For each incident, provide the name, address and telephone number for each person involved in the prior incident and describe how the person was involved (*e.g.*, person falling, witness, investigator, etc.).

ANSWER:

9.     Please identify the person at WAL-MART STORES EAST, LP and/or WALMART SUPERCENTER, STORE #0866 with the most knowledge pertaining to the inspection and maintenance of the floor/hazardous area at/near the fitting room area in WALMART SUPERCENTER, STORE #0866 on the date of the incident in question.

ANSWER:

10.     If you contend that Plaintiff was contributorily negligent, provide all facts that support your contention and identify all persons with knowledge to support your contention.

ANSWER:

11.     Does Defendant contend that any other person or entity is responsible for the subject accident?  If so, identify the person or entity.

ANSWER:

12.     Describe any complaints to Defendant made by any invitees involving slip and fall incidents due to transient substances on Defendant's property within the last three (3) years. For each complaint, identify the person making the complaint and provide the address and phone number of the complainant and describe the nature of the complaint.

ANSWER:

13.     Has Defendant demanded indemnification and or a legal defense from any person or entity for the allegations contained in the Plaintiff's complaint? If so, identify the person or entity from which indemnification and/or a legal defense was demanded, the basis for such demand, the date of such demand and the response, if any, to the demand.

ANSWER:

14.     Describe any conversations between any employee, agent or representative of Defendant and Plaintiff after March 28, 2021, pertaining to the Plaintiff's fall and give the substance of each conversation.

ANSWER:

15.     Identify any person or entity retained or employed by Defendant to inspect the area where the Plaintiff fell since March 28, 2021, and describe any inspection, measurements or other analysis performed. Provide the date of each such inspection.

ANSWER:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All written and recorded statements pertaining to the subject incident made by any person.

RESPONSE:

2.     All statements made by Plaintiff pertaining to the subject incident.

RESPONSE:


3.      All photographs and videos depicting the floor/hazardous area near the fitting room area/aisle in the general area where the subject incident occurred, taken within one (1) hour before and after the Plaintiff's fall.

RESPONSE:


4.      The incident report pertaining to the subject incident completed by or at the direction of Defendant following the subject incident.

RESPONSE:


5.      All documents that show an inspection was completed of the area Plaintiff fell in the twenty-four (24) hours before the Plaintiff's fall.

RESPONSE:


6.      All documents pertaining to any inspection performed after the subject incident of the floor/hazardous area/aisle at WALMART SUPERCENTER, STORE #0866 where the Plaintiff fell.

RESPONSE:


7.      All of WAL-MART STORES EAST, LP'S written policies and procedures pertaining to the inspection, discovery and identification of potentially hazardous conditions on the floor/area near the fitting room area/aisle in the general area within WALMART SUPERCENTER, STORE #0866 that were in effect on the date of the subject incident.

RESPONSE:


8.      A copy of any training manuals, videos or other materials provided to any employee of Defendant whose job involved cleaning, maintaining, or inspecting the floors/area near the fitting room area/aisle in the general area on Defendant's property in the twelve (12) months before the incident described in the Complaint.

RESPONSE:


9.      All documents pertaining to a visitor or patient complaint, incident, or injury involving slip and fall incidents due to transient substances on Defendant's property within the last three (3) years.

RESPONSE:


10.     A list of all of WAL-MART STORES EAST, LP'S and/or WALMART SUPERCENTER, STORE #0866 employees who were on duty at the time of Plaintiff's fall.

RESPONSE:


11.     The curriculum vitae of any expert retained by Defendant in this action.

RESPONSE:


12.     A copy of all measurements taken by Defendant, their agents, employees and retained experts, pertaining to the subject incident.

RESPONSE:


13.     A copy of all written or electronic correspondence generated by Defendant, their agents, employees and retained experts, pertaining to the subject incident, excluding any privileged materials to or from counsel.

RESPONSE:


14.     A copy of all emails within Defendant's possession pertaining to the subject incident, excluding any emails to or from counsel.

RESPONSE:

15.    A copy of all documents pertaining to the subject incident within the possession and control of Defendant.

RESPONSE:

16.    Any photographs pertaining to the incident described in the Complaint.

RESPONSE:

                                        Respectfully submitted,
                                        /s/ Trey Canida
                                        N. Trey Canida (CAN022)
                                        Attorney for Plaintiff

**OF COUNSEL:**

Morgan & Morgan Alabama, PLLC
63 S. Royal Street, Suite 710
Mobile, AL 36602
Phone: (251) 800-6049
Facsimile: (251) 800-6065
Email: tcanida@forthepeople.com

**TO BE SERVED WITH PLAINTIFF'S COMPLAINT**

## SIGNATURE PAGE

Defendant, WAL-MART STORES EAST, LP

_____

(Signature on behalf of Defendant)

_____

Print Name

_____

Title

STATE OF _____

COUNTY OF _____

   **BEFORE ME**, the undersigned authority, duly licensed to administer oaths and take acknowledgments, personally appeared _____ as _____ of Defendant, WAL-MART STORES EAST, LP , being first duly sworn, deposes and says that he/she read the Answers to the foregoing Interrogatories, and that they are true and correct to the best of his/her knowledge.

   **SWORN TO AND SUBSCRIBED** before me, this ____ day of _____, 2019.

_____

Notary Public (signature)

_____

Notary Public (type, print stamp commission)

My Commission Expires: _____

❑ Personally Known OR
❑ Produced Identification
❑ Type of Identification Produced: _____

ELECTRONICALLY FILED
5/18/2022 2:42 PM
02-CV-2022-900808.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

**PENNY MCKEITHEN,**

     Plaintiff,

v.                                                    CIVIL ACTION NO.:

**WAL-MART STORES EAST, LP**, a foreign limited partnership doing business in Alabama; **WALMART INC.**, a foreign corporation doing business in Alabama;

There may be other entities whose true names, identities and proper party Defendants are unknown to the Plaintiff at this time who may be legally responsible for the claim(s) set forth herein and who may be added by amendment by the Plaintiff when their names, identities and proper party status are accurately ascertained by further discovery. Until that time, the Plaintiff will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer and include any and all legal entities including persons, any and all forms of partnership, any and all types of corporation and unincorporated associations and any and all limited liability companies. The symbol by which these party(ies) defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterizations of the symbol applies to more than one entity. In the present action, the party Defendants which the Plaintiff must include by descriptive characterization are as follows:

DEFENDANT "A", the legal entity responsible for the hazardous condition located at Walmart Supercenter #0866 located at or near 5245 Rangeline Rd. South, Mobile, Alabama;

DEFENDANT "B", the legal entity who or which failed to warn the Plaintiff of the unreasonably dangerous or defective condition of the premises on the occasion described herein;

DEFENDANT "C", the legal entity who or which failed to train the individual(s) responsible for warning the public of the unreasonably dangerous or defective condition of the premises on the occasion described herein;

DEFENDANT "D", the legal entity responsible for creating the unreasonably dangerous or defective condition of the premises on the occasion described herein;

DEFENDANT "E", the legal entity who or which owned, maintained or had any interest in the premises involved in the occurrence made the basis of this lawsuit;

DEFENDANT "F", the legal entity who or which was the lessor of the premises involved in the occurrence made the basis of this lawsuit;

DEFENDANT "G", the legal entity who or which was the lessee of the premises involved in the occurrence made the basis of this lawsuit;

DEFENDANT "H", the legal entity who or which controlled and/or had the right to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence;

DEFENDANT "I", the legal entity who or which controlled or had the right to control the access, ingress, egress, or entrance to the premises involved in the occurrence made the

basis of this lawsuit at the time of said occurrence;

DEFENDANT "J", the legal entity who or which conducted safety inspections or analysis at or with referenced to the site of the occurrence made the basis of this lawsuit prior to the date of said occurrence;

DEFENDANT "K", the legal entity including, but not limited to the general liability insurance carrier of the entity which owned, occupied or maintained the premises involved in the occurrence made the basis of this lawsuit, which conducted any safety inspection or analysis of or with regard to the premises involved in the occurrence made the basis of this lawsuit at any time prior to said occurrence;

DEFENDANT "L", the legal entity who or which provided any insurance coverage, of whatever kind or character, for any of the named defendants or fictitious party defendants listed or named herein;

DEFENDANT "M", the legal entity whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit;

DEFENDANT "N", the legal entity who or which is the successor in interest of any of those entities described above;

DEFENDANT "O", the legal entity who or which provided any cleaning service and/or maintenance of the premises involved in the claim made the basis of this lawsuit;

DEFENDANT "P", the legal entity who or which planned, designed or constructed the facility involved in the occurrence made the basis of this lawsuit;

DEFENDANT "Q", the legal entity who or which was the architect, engineer, contractor or subcontractor involved in the planning, design or construction of the floor involved in the occurrence made the basis of this lawsuit;

DEFENDANT "R", the legal entity who or which supervised or trained the person(s) responsible for the premises involved in the occurrence made the basis of this lawsuit;

DEFENDANTS, "S", "T", "U", AND "V", those other legal entities whose combined and concurrent negligence, wantonness or other wrongful conduct contributed to cause the Plaintiff's injuries involved in the incident made the basis of this suit.  All of the above fictitious party Defendants' true and correct names are otherwise unknown at this time but will be supplied by amendment and substitution when ascertained,

    Defendants.

---

## PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUTION TO DEFENDANT, WALMART INC.

---

COMES NOW the Plaintiff, PENNY MCKEITHEN, pursuant to the *Alabama Rules of Civil Procedure*, and propounds to the Defendant, WALMART INC., a foreign corporation doing business in Alabama, the following interrogatories and request for production to be answered and responded to pursuant to the *Alabama Rules of Civil Procedure*.

You are reminded that under the provisions of Rule 26(e), you are under a duty to supplement your responses with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters, and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which the expert witness is expected to testify, and the substance of the witness's testimony.

Furthermore, you are under a duty to amend a prior response if you obtain information upon the basis of which: (a) you know that the response was incorrect when made, or (b) you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend this response is, in substance, a knowing concealment.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these interrogatories:

A. The terms "You" and "Your" refers to the Defendant, WALMART INC., and Fictitious Defendants, A through V, et al., and to its present or former agents, attorneys, representatives and other persons who have acted or purported to act on Defendant's behalf pursuant to contract or otherwise in any of the matters covered by these interrogatories, whether or not it is contended that such entity or person had authority to act on behalf thereof.

B. The terms "subject business or subject corporation" means Defendant's business or corporation located at 5245 Rangeline Rd. South in Mobile, Alabama.

C. The term "incident" means the March 28, 2021, incident which occurred when Plaintiff, PENNY MCKEITHEN, was in the fitting room area located at the WALMART SUPERCENTER, STORE #0866, turned around an aisle and slipped and fell on a foreign object and/or substance, on the floor, that was left unattended and unmarked, thereby causing her to fall and injure her back, left wrist, and right ankle, in Saraland, Alabama that is the basis of Plaintiff's Complaint.

D. "Communication" means any oral or written exchange of words, thoughts or ideas with another person(s), whether person-to-person, in a group, in a meeting, by telephone, letter, telefax, electronic mail, or otherwise, and including without limitation any printed, typed, handwritten or other readable document and any

tape recording, correspondence, memorandum, report, contract, diary, log book, minutes, notes, study, survey and/or forecast.

E.   The "Document" or "Documents" shall have their customary broad meanings and shall include, without limitation, all originals, copies and drafts of all written, typewritten, recorded, transcribed, printed, taped, photographic or graphic material, however produced or reproduced, whether sent or received, or neither, including but not limited to, all books, pamphlets, articles, newspapers, press releases, magazines, booklets, circulars, handbooks, manuals, periodicals, letters, memoranda, files, envelopes, notices, instructions, reports, financial reports, records, studies, transcripts, diaries (formal or informal), audited and un-audited financial statements, working papers, questionnaires, notes, notations, charts, lists, comparisons, telegrams, cables, telex messages, communications (including intra-corporate communications, and reports, notes, notations and memoranda of, or relating to, telephone conversations and conferences), minutes, transcriptions, correspondence, agreements, graphs, tabulations, analyses, evaluations, tests, projections, opinions or reports, statements, summaries, desk calendars, appointment books, telephone logs, telephone bills, surveys, indices, tapes, computer inputs or outputs, computer memory, computer disks, electronic mail, microfilm, magnetic tapes, photographs, installation guides and instruction material within your possession, custody or control.  This description includes different versions of the same documents, including but not limited to, drafts or documents with handwritten notations or marks not found   in the original or other copies or different documents.

F.   "Person" means any natural person, as well as, any firm, partnership, proprietorship, association, institution, joint venture, corporation, government entity, administrative agency, professional association and any other organization.

G.   "Identify," when used in reference to a natural person, means to provide that person's name, last known home and business addresses, last known home and business telephone numbers, present employer and job title.

H.   "Identify," when used in reference to a person that is a corporation, partnership, proprietorship, association, business, or other such group, means to provide the person's full name, address, telephone number, form of organization and a description of its business activities.

I.   "Identify," when used in reference to a document, means to provide a brief description of the document including its date, author, addressee, number of recipients, forum (that is, letter, invoice, blueprint, etc.), subject matter, length, and the present custody of each copy of the document having notations unique to such copy.

J.   "Identify," when used in reference to an oral communication, means to state the date of the communication and the place or places where the communication

occurred, and to identify each person who took part or heard the communication, to provide a description of the subject matter of the communication, and to identify each document that refers or relates to or evidences the communication.

K. "Date" refers to the exact day, month, and year, if known, or, if not known, best approximation including, as appropriate to the situation, relationship to the offense.

L. "Plaintiff" shall refer to PENNY MCKEITHEN, and any present or former agents, attorneys, representatives and all other persons who have acted or purported to act on his behalf pursuant to contract, or otherwise, with regard to any of the materials covered by these interrogatories, whether or not it is contended that such entity or person had authority to act on behalf thereof.

M. "Subject facility" or "Subject area" shall refer to the part of the premises where the "incident" occurred.

N. PRIVILEGE LOG: For each and every requested document that a claim of privilege is made: (i) identify the document by date, author, addressor and addressee; (ii) identify the person who presently has custody, control or possession of the original and all copies thereof; (iii) state specifically each and every ground on which the claim of privilege is based; (iv) identify each person (by name, address, employer, job description or position at present) who received, or had access in the ordinary course of business to, the original and/or any copy of the document from the time the document was originated until the present.

## PLACE, TIME, AND MANNER OF RESPONSE

Responses to these Interrogatories and Request for Production are due within forty-five (45) days after service of these Interrogatories and Request for Production, and shall be made at the offices of Morgan & Morgan Alabama, PLLC, 63 S. Royal Street, Mobile, AL 36602, or at such other place as the parties may agree.

## INTERROGATORIES

1.      State the full name, address, occupation and employer of any and all persons who answer these Interrogatories or who have provided information used in compiling the answers to these Interrogatories.

ANSWER:

2.      Did Defendant prepare an incident report in response to subject accident?  If so, identify the persons involved in completing the report, their titles and current addresses.  State the name of the current custodian of the report.

ANSWER:

3.      Please provide the name, address and title of employee or agent of Defendant whose job duties involved inspecting and/or maintaining the floor/hazardous area at/near the fitting room area in WALMART SUPERCENTER, STORE #0866 for the twenty-four (24) hour period preceding the subject accident.

ANSWER:

4.      Please provide the name, address, title and employer of any person who investigated the subject accident for or on behalf of Defendant, and for each person, describe the nature of the investigation (*e.g.*, photographs, obtained statements, took measurements, interviewed witnesses, etc.).

ANSWER:

5.      Please provide the name, address, title and employer of any person known who has knowledge pertaining to the subject accident and describe the knowledge each person possesses.

ANSWER:

6.      Based on your knowledge at this time, describe in detail how the subject accident happened, including all actions taken by the Defendant to prevent the incident.

ANSWER:

7.      Please provide the dates any employee or agent of Defendant inspected the area where the subject accident occurred for the three (3) months prior to the subject accident and the three (3) months after the subject accident.  State the name, address and job title of the person who made each inspection.

ANSWER:

8.      Please describe all other substantially similar incidents involving invitee, guest or employee slip and falls in WALMART SUPERCENTER, STORE #0866 in the three (3) years prior to the date of subject accident.  For each incident, provide the name, address and telephone number for each person involved in the prior incident and describe how the person was involved (*e.g.*, person falling, witness, investigator, etc.).

ANSWER:

9.      Please identify the person at WALMART INC. and/or WALMART SUPERCENTER, STORE #0866 with the most knowledge pertaining to the inspection and maintenance of the floor/hazardous area at/near the fitting room area in WALMART SUPERCENTER, STORE #0866 on the date of the incident in question.

ANSWER:

10.     If you contend that Plaintiff was contributorily negligent, provide all facts that support your contention and identify all persons with knowledge to support your contention.

ANSWER:

11.     Does Defendant contend that any other person or entity is responsible for the subject accident?  If so, identify the person or entity.

ANSWER:

12.     Describe any complaints to Defendant made by any invitees involving slip and fall incidents due to transient substances on Defendant's property within the last three (3) years. For each complaint, identify the person making the complaint and provide the address and phone number of the complainant and describe the nature of the complaint.

ANSWER:

13.     Has Defendant demanded indemnification and or a legal defense from any person or entity for the allegations contained in the Plaintiff's complaint?  If so, identify the person or entity from which indemnification and/or a legal defense was demanded, the basis for such demand, the date of such demand and the response, if any, to the demand.

ANSWER:

14.     Describe any conversations between any employee, agent or representative of Defendant and Plaintiff after March 28, 2021, pertaining to the Plaintiff's fall and give the substance of each conversation.

ANSWER:

15.     Identify any person or entity retained or employed Defendant to inspect the area where the Plaintiff fell since March 28, 2021, and describe any inspection, measurements or other analysis performed.  Provide the date of each such inspection.

ANSWER:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All written and recorded statements pertaining to the subject incident made by any person.

RESPONSE:

2.     All statements made by Plaintiff pertaining to the subject incident.

RESPONSE:


3.      All photographs and videos depicting the floor/hazardous area near the fitting room area/aisle in the general area where the subject incident occurred, taken within one (1) hour before and after the Plaintiff's fall.

RESPONSE:


4.      The incident report pertaining to the subject incident completed by or at the direction of Defendant following the subject incident.

RESPONSE:


5.      All documents that show an inspection was completed of the area Plaintiff fell in the twenty-four (24) hours before the Plaintiff's fall.

RESPONSE:


6.      All documents pertaining to any inspection performed after the subject incident of the floor/hazardous area/aisle at WALMART SUPERCENTER, STORE #0866 where the Plaintiff fell.

RESPONSE:


7.      All of WALMART INC.'S written policies and procedures pertaining to the inspection, discovery and identification of potentially hazardous conditions on the floor/area near the fitting room area/aisle in the general area within WALMART SUPERCENTER, STORE #0866 that were in effect on the date of the subject incident.

RESPONSE:


8.      A copy of any training manuals, videos or other materials provided to any employee of Defendant whose job involved cleaning, maintaining, or inspecting the floors/area near the fitting room area/aisle in the general area on Defendant's property in the twelve (12) months before the incident described in the Complaint.

RESPONSE:

9.    All documents pertaining to a visitor or patient complaint, incident, or injury involving slip and fall incidents due to transient substances on Defendant's property within the last three (3) years.

RESPONSE:

10.    A list of all of WALMART INC.'S and/or WALMART SUPERCENTER, STORE #0866 employees who were on duty at the time of Plaintiff's fall.

RESPONSE:

11.    The curriculum vitae of any expert retained by Defendant in this action.

RESPONSE:

12.    A copy of all measurements taken by Defendant, their agents, employees and retained experts, pertaining to the subject incident.

RESPONSE:

13.    A copy of all written or electronic correspondence generated by Defendant, their agents, employees and retained experts, pertaining to the subject incident, excluding any privileged materials to or from counsel.

RESPONSE:

14.    A copy of all emails within Defendant's possession pertaining to the subject incident, excluding any emails to or from counsel.

RESPONSE:

15.    A copy of all documents pertaining to the subject incident within the possession and control of Defendant.

RESPONSE:

16.    Any photographs pertaining to the incident described in the Complaint.

RESPONSE:

Respectfully submitted,
*/s/ Trey Canida*
N. Trey Canida (CAN022)
Attorney for Plaintiff

**OF COUNSEL:**

Morgan & Morgan Alabama, PLLC
63 S. Royal Street, Suite 710
Mobile, AL 36602
Phone: (251) 800-6049
Facsimile: (251) 800-6065
Email: tcanida@forthepeople.com

**TO BE SERVED WITH PLAINTIFF'S COMPLAINT**

## SIGNATURE PAGE

Defendant, Walmart Inc.

_____

(Signature on behalf of Defendant)

_____

Print Name

_____

Title

STATE OF _____

COUNTY OF _____

    **BEFORE ME**, the undersigned authority, duly licensed to administer oaths and take acknowledgments, personally appeared _____ as _____ of Defendant, Walmart Inc., being first duly sworn, deposes and says that he/she read the Answers to the foregoing Interrogatories, and that they are true and correct to the best of his/her knowledge.

    **SWORN TO AND SUBSCRIBED** before me, this ____ day of _____, 2019.

_____

Notary Public (signature)

_____

Notary Public (type, print stamp commission)

My Commission Expires: _____

❑  Personally Known OR
❑  Produced Identification
❑  Type of Identification Produced: _____



AlaFile E-Notice

02-CV-2022-900808.00

To:  NICOLAS TREY CANIDA
      tcanida@forthepeople.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

PENNY MCKEITHEN V. WAL-MART STORES EAST, LP ET AL
02-CV-2022-900808.00

The following complaint was FILED on 5/18/2022 2:42:13 PM

Notice Date:     5/18/2022 2:42:13 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



USPS CERTIFIED MAIL



9214 8901 7301 4102 2200 0587 99

*CIRCUIT CIVIL DIVISION*
*205 GOVERNMENT STREET*
*MOBILE, AL 36644*

02-CV-2022-900808.00

To: WAL-MART STORES EAST, LP
C/O CT CORPORATION SYSTEM
2 N JACKSON ST STE 605
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### PENNY MCKEITHEN V. WAL-MART STORES EAST, LP ET AL
### 02-CV-2022-900808.00

The following complaint was FILED on 5/18/2022 2:42:13 PM

Notice Date:     5/18/2022 2:42:13 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
charles.lewis@alacourt.gov



USPS CERTIFIED MAIL



9214 8901 7301 4102 2200 0588 05

CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

02-CV-2022-900808.00

To:  WALMART INC.
C/O CT CORPORATION SYSTEM
2 N JACKSON ST STE 605
MONTGOMERY, AL 36104

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

**PENNY MCKEITHEN V. WAL-MART STORES EAST, LP ET AL**
**02-CV-2022-900808.00**

The following complaint was FILED on 5/18/2022 2:42:13 PM

Notice Date:     5/18/2022 2:42:13 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
charles.lewis@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2022-900808.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
## PENNY MCKEITHEN V. WAL-MART STORES EAST, LP ET AL

**NOTICE TO:** WAL-MART STORES EAST, LP, C/O CT CORPORATION SYSTEM 2 N JACKSON ST STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), NICOLAS TREY CANIDA

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 63 S. Royal Street, Ste 710, Mobile, AL 36602

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of PENNY MCKEITHEN
pursuant to the Alabama Rules of the Civil Procedure.                          *[Name(s)]*

| 05/18/2022 | /s/ JOJO SCHWARZAUER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ NICOLAS TREY CANIDA
                                               *(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____.

*(Date)*

_____          _____          _____
*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____
*(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2022-900808.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
## PENNY MCKEITHEN V. WAL-MART STORES EAST, LP ET AL

**NOTICE TO:** WALMART INC., C/O CT CORPORATION SYSTEM 2 N JACKSON ST STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), NICOLAS TREY CANIDA

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 63 S. Royal Street, Ste 710, Mobile, AL 36602

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of PENNY MCKEITHEN
pursuant to the Alabama Rules of the Civil Procedure.                                                                        *(Name(s))*

| 05/18/2022 | /s/ JOJO SCHWARZAUER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ NICOLAS TREY CANIDA

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .
*(Date)*

_____          *(Address of Server)*
*(Type of Process Server)*        *(Server's Signature)*

_____          _____
*(Server's Printed Name)*        *(Phone Number of Server)*

**UNITED STATES**
**POSTAL SERVICE**

May 23, 2022

Dear Circuit Clerk:

| UJS Information | |
|---|---|
| Case Number: 02-CV-2022-900808.00 | Intended Recipient: |
| Document Type: Complaint | WAL-MART STORES EAST, LP  (D001) |
| Restricted Delivery Requested: No | C/O CT CORPORATION SYSTEM |
| | 2 N JACKSON ST STE 605 |
| | MONTGOMERY, AL 36104 |

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 7301 4102 2200 0587 99.**

**Item Details**

| | |
|---|---|
| **Status:** | Delivered, Individual Picked Up at Post Office |
| **Status Date / Time:** | May 23, 2022, 7:48 am |
| **Location:** | MONTGOMERY, AL 36104 |
| **Postal Product:** | First-Class Mail |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

**Shipment Details**

| | |
|---|---|
| **Weight:** | 7.0oz |

**Recipient Signature**

| Signature of Recipient: | X John McCann     Trishia C McCann |
|---|---|
| Address of Recipient: | 2 N Jackson St Montgomery Al |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



AlaFile E-Notice

02-CV-2022-900808.00

Judge: MICHAEL P. WINDOM

To:  CANIDA NICOLAS TREY
     tcanida@forthepeople.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

PENNY MCKEITHEN V. WAL-MART STORES EAST, LP ET AL
02-CV-2022-900808.00

The following matter was served on 5/23/2022

**D001 WAL-MART STORES EAST, LP**
**Corresponding To**
CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2022-900808.00

Judge: MICHAEL P. WINDOM

To:   WAL-MART STORES EAST, LP (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST STE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

PENNY MCKEITHEN V. WAL-MART STORES EAST, LP ET AL
02-CV-2022-900808.00

The following matter was served on 5/23/2022

**D001 WAL-MART STORES EAST, LP**
**Corresponding To**
CERTIFIED MAIL
ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2022-900808.00

Judge: MICHAEL P. WINDOM

To: WALMART INC. (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST STE 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

PENNY MCKEITHEN V. WAL-MART STORES EAST, LP ET AL
02-CV-2022-900808.00

The following matter was served on 5/23/2022

**D001 WAL-MART STORES EAST, LP**
**Corresponding To**
CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

**UNITED STATES POSTAL SERVICE**

May 23, 2022

Dear Circuit Clerk:

| UJS Information |
|---|
| Case Number: 02-CV-2022-900808.00 | Intended Recipient: |
| Document Type: Complaint | WALMART INC.  (D002) |
| Restricted Delivery Requested: No | C/O CT CORPORATION SYSTEM |
| | 2 N JACKSON ST STE 605 |
| | MONTGOMERY, AL 36104 |

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 7301 4102 2200 0588 05.**

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Individual Picked Up at Post Office |
| **Status Date / Time:** | May 23, 2022, 7:48 am |
| **Location:** | MONTGOMERY, AL 36104 |
| **Postal Product:** | First-Class Mail |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

## Shipment Details

| | |
|---|---|
| **Weight:** | 7.0oz |

## Recipient Signature

Signature of Recipient: X 

Address of Recipient: 

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

100%





AlaFile E-Notice

02-CV-2022-900808.00

Judge: MICHAEL P. WINDOM

To:   CANIDA NICOLAS TREY
      tcanida@forthepeople.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

PENNY MCKEITHEN V. WAL-MART STORES EAST, LP ET AL
02-CV-2022-900808.00

The following matter was served on 5/23/2022

**D002 WALMART INC.**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2022-900808.00

Judge: MICHAEL P. WINDOM

To: WAL-MART STORES EAST, LP (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST STE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

PENNY MCKEITHEN V. WAL-MART STORES EAST, LP ET AL
02-CV-2022-900808.00

The following matter was served on 5/23/2022

**D002 WALMART INC.**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2022-900808.00

Judge: MICHAEL P. WINDOM

To:   WALMART INC. (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST STE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

PENNY MCKEITHEN V. WAL-MART STORES EAST, LP ET AL
02-CV-2022-900808.00

The following matter was served on 5/23/2022

**D002 WALMART INC.**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

ELECTRONICALLY FILED
5/23/2022 1:59 PM
02-CV-2022-900808.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

Revised 1-1-04; 4-1-99; 11-1-99

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| _____ | * | |
| _____ | * | |
| Plaintiff(s) | * | |
| vs. | * | CIVIL ACTION NO. _____ |
| _____ | * | DATE COMPLAINT FILED _____ |
| _____ | * | |
| Defendant(s) | * | |

## ASSIGNMENT TO EXPEDITED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

## OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems <u>and</u> will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial. A motion filed later than the aforesaid 40 days will not be considered by the Court. Oral argument may be requested on an exclusion motion. If a cause is excluded from the system by the Court, a discovery schedule will be set by the Court after conference with the parties. <u>If a case is so excluded the general pre-trial portion of this order will remain in effect unless specifically altered by the Court.</u>

## DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing the Motion to Set and Certificate of Readiness requests an additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time. Notwithstanding the foregoing, for good cause shown, the Court may permit, or the parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

## MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which shall be filed not later than 270 days after the filing of the complaint. If such a motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed" on a disposition docket as near as possible to the 300th day and send notice of such to all parties. If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available of in the clerk's office and will contain the following information:

(1)     The date the complaint was filed;

(2)    That the issues in the case have been defined and joined;

(3)    That all discovery has been completed or will be completed within 60 days after the filing of the Certificate of Readiness;

(4)    That a jury trial has or has not been demanded;

(5)    The expected length of the trial expressed in hours and/or days;

(6)    A brief description of the plaintiff's claim;

(7)    The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8)    That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9)    That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10)   That the movant certifies that he/she has read the pre-trial order, that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reasons therefore. Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court.

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible. Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority. Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form.)

NOTIFICATION OF SETTLEMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of to status or state of the case (discovery stage, active calendar or trial calendar).

GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1.    EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE, GENERALLY

a.    Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 says prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

b.    Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

c.    Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2.    DOCTOR, HOSPITAL AND MEDICAL RECORDS

a.    If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.    Any such bills not timely exhibited to the other parties will not be admitted in evidence at trial unless the ends of justice so require.

c.    The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

3.    DAMAGES

a.    All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial. Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b.    Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

4.    AGENCY-TIME AND PLACE-DUTY

a.    Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or the grounds relied on.

5.    <u>EXPERTS</u>

a.    Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.    Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c.    Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

d.    Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

6.    <u>JURY INSTRUCTIONS</u>

If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

7.    <u>JURY SELECTION</u>

Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

8.    <u>DUTY TO SUPPLEMENT DISCOVERY</u>

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

9.    <u>MOTIONS GENERALLY</u>

If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

10.   <u>CONFLICTS</u>

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the _____ day of _____

_____
Presiding Judge, John R. Luckett



AlaFile E-Notice

02-CV-2022-900808.00

Judge: MICHAEL P. WINDOM

To:  CANIDA NICOLAS TREY
tcanida@forthepeople.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

PENNY MCKEITHEN V. WAL-MART STORES EAST, LP ET AL
02-CV-2022-900808.00

The following matter was FILED on 5/23/2022 1:59:14 PM

Notice Date:     5/23/2022 1:59:14 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2022-900808.00

Judge: MICHAEL P. WINDOM

To: WAL-MART STORES EAST, LP (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST STE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

PENNY MCKE!THEN V. WAL-MART STORES EAST, LP ET AL
02-CV-2022-900808.00

The following matter was FILED on 5/23/2022 1:59:14 PM

Notice Date:     5/23/2022 1:59:14 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2022-900808.00

Judge: MICHAEL P. WINDOM

To:  WALMART INC. (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST STE 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

PENNY MCKEITHEN V. WAL-MART STORES EAST, LP ET AL
02-CV-2022-900808.00

The following matter was FILED on 5/23/2022 1:59:14 PM

Notice Date:      5/23/2022 1:59:14 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov