**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **PENNY MCKEITHEN,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 1:22-00215-KD-MU** |
| | ) | |
| **WAL-MART STORES EAST, LP,** | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on Defendant Wal-Mart Stores East, LP's disclosure statement. (Doc. 3).

On June 3, 2022, this case was removed to this Court on the basis of federal diversity subject matter jurisdiction. (Doc. 1). On June 6, 2022, Defendant Wal-Mart Stores East, LP filed its disclosure statement as required under the local rules.  (Doc. 3).  The identification of the current membership of Defendant Wal-Mart Stores East, LP is necessary to determine whether this action is properly before this Court on the basis of diversity jurisdiction, as well as to determine whether there is any reason to believe there are potential conflicts of interest which would require disqualification or recusal. For the reasons stated *infra*, the disclosure statement does not provide the required information to accomplish these tasks.

In the statement, the Defendant identifies itself as a limited partnership (LP). The statement also provides that the Defendant LP has a limited liability company (LLC) as its general partner and that said LLC's sole member is another LLC; a limited liability company (LLC) as its limited partner and that said LLC's sole member is another LLC; a limited partnership (LP) is its parent company; and other entities exist as subsidiaries including LPs and Trusts.  (Doc. 3). The statement sets forth each of

these entities "state of formation" and "principle place of business."[1] However, that information is irrelevant to LP, LLC, LLP, and Trust citizenship determinations, and is not how citizenship is assessed for such unincorporated entities.

Specifically, when filing a disclosure for an LP, LLC, LLP and/or Trust, the citizenship of the members of the LP, LLC, LLP, and/or Trust must be disclosed.  SDAL Local Rule 7.1 governs Disclosure Statements and provides, in relevant part, that the disclosing entity "shall identify all parent, subsidiaries, partners, *members*…trustees… and similarly related persons and entities." (emphasis added).  Additionally, as set forth in the <u>Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.L.C.</u>, 374 F.3d 1020, 1021-1023 (11th Cir. 2004) (per curiam), unincorporated entities like limited partnerships (LPs) and LLCs are citizens of each state in which any of their members are citizens.  <u>Id</u>. As explained by the Eleventh Circuit in <u>Rolling Greens</u>, 374 F.3d at 1022:

> We hold that the general rule for unincorporated entities also applies to limited liability companies, in the absence of Congress's extending the treatment given to corporations. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir.1998) ("Given the resemblance between an LLC and a limited partnership, and what seems to have crystallized as a principle that members of associations are citizens for diversity purposes unless Congress provides otherwise (as it has with respect to corporations, in 28 U.S.C. § 1332(c)(1)) ... we conclude that the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members.") (citations omitted); *Handelsman v. Bedford Village Assocs. Ltd. P'ship,* 213 F.3d 48, 51–52 (2d Cir.2000) (holding that citizenship of a limited liability company was determined by the citizenship of its members, citing *Cosgrove,* 150 F.3d at 731); *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.,* 357 F.3d 827, 829 (8th Cir.2004) (holding that based on the similarities between limited liability companies and limited partnerships, and in the absence of a Congressional mandate, the general rule of citizenship based on membership applied). *See also Homfeld II, L.L.C. v. Comair Holdings, Inc.,* 53 Fed.Appx. 731, 732 (6th Cir.2002) (stating, in an unpublished opinion, that citizenship of limited liability company depends on citizenship of its members); *Provident Energy Assocs. of Mont. v. Burllington,* 77 Fed.Appx. 427, 428 (9th Cir.2003) (same).

Additionally, a limited partnership (LP) is a citizen of any state of which a managing or limited partner is a citizen.  <u>Rolling Greens</u>, 374 F.3d at 1021 ("In *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195-

---

[1] The correct identifier is "*principal* place of business." 28 U.S.C. § 1332(c): "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business ..."

96.....(1990), the Supreme Court held that for purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens[]").[2] Moreover, citizenship of an unincorporated business Trust is determined on the basis of the citizenship of its shareholders. Crook-Petite-El v. Bumble Bee Seafoods L.L.C., 2012 WL 6685563, *1 (11th Cir. 2012); Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334, 1339 (11th Cir. 2002), *overruled on other grounds* Instituto De Prevision Militar v. Merrill Lynch, 546 F.3d 1340, 1348 (11th Cir. 2008). And the citizenship of a traditional trust is that of its trustees. Alliant Tax Credit 31, Inc. v. Murphy, 924 F.3d 1134, 1143 (11th Cir. 2019). "Without listing the citizenship of every member and every partner of every party, defendants will fail to meet their burden." Charter Services, Inc. v. DL Air, LLC, 2009 WL 577664, *2 (S.D. Ala. Mar. 5, 2009).

As such, it is **ORDERED** that the disclosure statement (Doc. 3) is **STRICKEN** and Defendant Wal-Mart Stores East, LP shall file, on or before **June 16, 2022,** a new Disclosure Statement identifying each member of the LP <u>and</u> each member's citizenship (*i.e.*, if any LP members are also unincorporated entities (*e.g.*, LPs, LLCs, Trusts etc.) the members of those entities and each of those members' citizenship shall also be identified).

Further, as an aside, a reminder for all parties. "The removing party bears the burden of demonstrating federal jurisdiction." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 n. 4 (11th

---

[2] See, e.g., Tradesman Intl, LLC v. JVC Coatings & Fabrication, LLC, 2016 WL 6997068, *1 (S.D. Ala. Nov. 29, 2016): "This 'can require tracing through several layers.' *BouMatic, LLC v. Idento Operations, BV*, 759 F.3d 790, 791 (7th Cir. 2014) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998) (citizenship of an LLC depends on citizenship of its members, traced through as many levels as necessary to reach corporations or natural persons)). *See also Azzo v. Jetro Rest. Depot, LLC*, No. 3:11-CV-324-J-34JRK, 2011 WL 1357557, at *2 n.2 (M.D. Fla. Apr. 11, 2011) (in pleading the citizenships of the members, 'each member's citizenship must [also] be properly alleged, be it an individual, corporation, LLC, or other entity')[;]" Lawson v. Chrysler LLC, 2009 WL 961226, *2-3 (S.D. Miss. Apr. 7, 2009) (discussing the need to trace members through the full length of organizations until citizenship can be determined – however many layers of members there may be). See generally Mullina v. TestAmerica Inc., 564 F.3d 386, 397-398 (5th Cir. Mar. 30, 2009); CMC Steel Fabricators, Inc. v. RK Construction, Inc., 2009 WL 1924352, *1-2 (W.D. La. Jun. 29, 2009); Wright v. JP Morgan Chase Bank, NA, 2009 WL 854644, *1 (W.D. La. Mar. 26, 2009).

Cir.1998) (citing Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir.1998)). Even so, "courts ... have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). And "if the evidence submitted during the course of the proceedings" does not "cure[] any jurisdictional pleading deficiency by convincing us of the parties' [diversity of] citizenship," then "we are obligated by the restrictions Article III places upon us to vacate a judgment without any examination of its correctness[]". Travaglio v. American Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013).

Over the years, the SDAL has repeatedly found the same deficiencies in Wal-Mart Stores East, LP's disclosure statements in other cases as well as in other parties' disclosures in other cases -- "despite the Eleventh Circuit's long-standing rule[]" for unincorporated entities -- and so has had to repeatedly explain how such statements are deficient and what must be filed instead. Burillo Azcarraga v. J.P. Morgan (Suisse) S.A., 2017 WL 693954, *3 at n.4 (S.D. Fla. Feb. 22, 2017) ("this Court continues to be confounded by the fact that, despite the Eleventh Circuit's long-standing rule .... parties ... habitually fail to properly allege the citizenships of ....unincorporated business entities[]").  Many of these cases are removed from state court based on federal diversity subject matter jurisdiction. In doing so, without sufficient identification of citizenship in disclosures and/or in the Removal itself, questions about jurisdiction necessarily arise. See e.g., Burillo Azcarraga, 2017 WL 693954 at *3 (discussing a similar reoccurring problem in the SDFL and noting that the removal allegations in that particular case were "fatally defective" due to the failure to properly allege unincorporated entity's citizenship -- "were the Court not already granting the Plaintiff's motion to remand, it would otherwise have had grounds to remand based on .... [the defendant's] ... failure to properly allege diversity of citizenship[]").

Accordingly, to be clear, the full and complete identification of all of an unincorporated entity's members' citizenship in disclosure statements is required for a diversity and conflicts review and to assess the sufficiency of a party's jurisdictional pleading. See, e.g., 3333 Canal Street, LLC v. Roofing Supply Group - Tampa, LLC, 2021 WL 3055007 and note 2 (M.D. Fla. Jul. 20, 2021) (addressing how

unincorporated entities must assure complete diversity exists in their removal documents before a court may exercise jurisdiction) (citing Thermoset Corp. v. Bldg. Materials Corp. of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after 3 years of litigation because the court pleadings insufficiently alleged an LLC defendant's citizenship and it was realized the LLC had a non-diverse member) and Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (considering sanctions where summary judgment was reversed on appeal due to the discovery that the pleadings insufficiently alleged plaintiff LLC's citizenship and no diversity was uncovered -- "No party in this case acted with bad intentions, but the result was a colossal waste of time and effort ... when the parties do not do their part ... []").[3]

**DONE** and **ORDERED** this the **9th** day of **June 2022.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[3] And while the Eleventh Circuit requires that, per 28 U.S.C. § 1653, parties be given the opportunity to amend a Notice of Removal or jurisdictional allegations to cure any deficiencies and properly allege the citizenships of the parties when the issue arises (Corp. Mgmt. Advisors Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297-1298 (11th Cir. 2009) and Dye v. Sexton, 695 Fed. Appx. 482, 485 (11th Cir. 2017)), the better course would be for parties to allege sufficient jurisdictional allegations from the outset.